NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KERRY GARCIA,
*Petitioner/Appellant*,

v.

REUBEN GARCIA,
*Respondent/Appellee*.

No. 1 CA-CV 20-0524 FC
FILED 7-1-2021

Appeal from the Superior Court in Maricopa County
No. FN2011-003332
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART**

COUNSEL

Arizona Family Law Group, Phoenix
By Lisa I. Khan
*Counsel for Petitioner/Appellant*

Law Offices of John R. Zarzynski, Phoenix
By John R. Zarzynski, Georgia A. Wilder
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

**¶1**        Kerry Garcia ("Wife") challenges the family court's post-dissolution orders.  We affirm in part and reverse in part, remanding only for the court to award prejudgment interest to Wife on her $40,000 judgment against Rueben Garcia ("Husband").

**FACTS AND PROCEDURAL BACKGROUND**

## I.        Divorce Decree

**¶2**        Husband and Wife married in 1995. Wife petitioned for divorce in 2011.  She claimed Husband wasted the marital community's assets.  After a trial, the family court agreed.  The court found Husband wasted $40,000 in community assets and determined this case "present[s] a unique set of facts or circumstance" in which an "unequal division of community property [was] appropriate to achieve equity."  The court also found that Wife had a pension and deferred compensation plan through the Public Safety Pension Retirement System ("PSRS Plan").

**¶3**        The divorce was finalized in August 2013.  In the dissolution decree, the court (1) awarded Wife "the entirety of the deferred compensation," and (2) appointed James Popp to prepare "any necessary" qualified domestic relations order ("QDRO") using the reserved jurisdiction method to equitably divide the remaining assets, including Wife's PSRS Plan.  The court also granted Wife's request for reasonable attorney fees and costs because "Husband acted unreasonably in the litigation."  Though the court stated it had "signed the submitted order" granting attorney fees, it had not.

## II.        Post-Decree Litigation

**¶4**        In April 2014, Wife moved to amend the decree, asking the family court to offset Husband's wasteful spending against the community's interest in her PSRS Plan because she had no deferred compensation plan.  The court amended the decree to clarify that the PSRS

Plan represented Wife's sole retirement assets, and ordered that Husband receive one-half of those benefits minus $40,000 for his wasteful spending.

¶5         A year later, the family court clarified its order, directing that the PSRS Plan be valued and allocated based on its value at the time of the decree, with $40,000 "deducted from Husband's share" and "added to Wife's share of the present value." After more briefing, the family court realized that no evidence was presented at trial of the PSRS Plan's present value and, therefore, appointed Popp to prepare a QDRO using the reserved jurisdiction or present value methods "as the circumstances require."

¶6         Around this time, the parties also discovered that the court had not issued a signed order awarding Wife the attorney fees she received under the decree. As a result, the family court issued a signed order awarding the fees in March 2017.

### III.    Proposed Judgment

¶7         In October 2017, Popp filed a report and recommendation with the family court, sharing his discovery that Wife had a deferred compensation plan. Given that development, he recommended the family court (1) award the deferred compensation benefits to Wife, (2) award Husband one-half the community's interest in the PSRS Plan, and (3) enter an independent $32,043.11 judgment for Wife against Husband to compensate for his wasteful spending. Popp reasoned that "[c]ombining post-decree present valuation, partial offset and a domestic relations order for a remainder retirement interest"—a hybrid approach—"impairs [Wife]'s claim to $40,000.00 and impairs [Husband]'s claim to one half community property interest in [the PSRS plan]." Popp added that "the proposed offset of a lump sum against a defined benefit plan presents legal and practical challenges that can undermine an equitable division of those assets."

¶8         Wife objected to Popp's report and recommendation as inconsistent with the court's earlier hybrid valuation approach, but she offered no precedent to support the hybrid approach. Even so, the court expressed concern about whether Wife could ever collect on a personal judgment against Husband.

¶9         In the end, however, the court awarded Wife an independent $40,000 judgment against Husband with simple interest to accrue at 5.5% per annum. The court concluded it was likely "impossible to divide the retirement accounts and compensate Wife in the way the Decree

described." On one hand, the reserve jurisdiction method would deprive Wife of accrued interest, and Wife might still not recover $40,000 from Husband depending on "the amount of the monthly retirement payments" and "how long she lived." On the other hand, the court could not use the present value method because neither party provided an accounting or actuarial analysis of the PSRS Plan's present value. The family court also ruled that interest accrued on Wife's attorney fee award from the March 2017 issuance of that order.

¶10          Wife appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶11          Wife raises two issues on appeal. She first argues the family court erroneously entered the independent $40,000 judgment against Husband when it should have offset Husband's share of her retirement benefits. She next argues the family court erred in failing to award prejudgment interest on the judgment and attorney fees.

### I.          Judgment Against Husband

¶12          The family court retains jurisdiction to enforce a dissolution decree until "such justice is achieved" and may grant "new orders, consistent with the parties' property interests" to effect the decree. *Jensen v. Beirne*, 241 Ariz. 225, 229, ¶ 14 (App. 2016). We affirm a family court's apportionment of community property absent an abuse of discretion. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). "We view the evidence in the light most favorable to sustaining the trial court's findings and determine whether there was evidence that reasonably supports the court's findings." *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998).

¶13          Wife contends the family court "ignored . . . prior determinations, ignored [Husband]'s apparent agreement the offset was the only method to satisfy payment, and ignored [the family court's] own expressed reservations on collection of the [judgment]." We disagree. The family court interpreted the lengthy record before it, including the decree (entered by the first assigned judge), the modifications to the decree (ordered by the second assigned judge), the briefs and Popp's recommendations. The court also had to detangle its earlier orders (from different judges) approving both present value and reserve jurisdiction methods. We find no abuse of discretion.

## II.    Prejudgment Interest Against Husband

**¶14**    Wife next claims that the family court erred by failing to award prejudgment interest on (1) her $40,000 judgment against Husband, and (2) her attorney fee award, first ordered in the August 2013 dissolution decree but not signed until March 2017.  Our review is de novo.  *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 508 (1996).  A party is entitled to prejudgment interest on liquidated claims, *Fleming v. Pima Cnty.*, 141 Ariz. 149, 155 (1984), which exist when "plaintiffs provide a basis for precisely calculating the amount claimed," *Gemstar*, 185 Ariz. at 508.  Prejudgment interest is calculated under Arizona law "from the date the sums become due." *Lindsey v. Univ. of Ariz.*, 157 Ariz. 48, 54 (App. 1987).

**¶15**    The court correctly determined that Wife should receive prejudgment interest on the attorney fee award beginning in March 2017, when the order was signed. *See Flood Control Dis. of Maricopa Cnty. v. Paloma Inv. Ltd. P'Ship*, 230 Ariz. 29, 49, ¶ 80 (App. 2012) ("[A]n application for an award of attorneys' fees . . . is not liquidated until the trial court enters an order awarding reasonable fees.").  Wife should have received, however, prejudgment interest on her $40,000 judgment against Husband beginning in August 2013.  That claim was liquidated and due upon issuance of the dissolution decree. *Lindsey*, 157 Ariz. at 54.

## CONCLUSION

**¶16**    We affirm the family court's amendment of the dissolution decree but reverse and remand for the court to award Wife prejudgment interest on her $40,000 judgment against Husband beginning in August 2013.



AMY M. WOOD • Clerk of the Court
FILED:    AA